**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROSE PETRO, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 05-CV-338 |
| ) | |
| v. ) | |
| ) | |
| FORD MOTOR COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

---

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
---

This Stipulated Confidentiality and Protective Order ("Order") is entered pursuant to the Federal Rules of Civil Procedure. The Court hereby Orders, and the parties and counsel and all persons signing a copy of Appendix A to this order stipulate and agree, that the following terms and conditions apply:

1. TRW Vehicle Safety Systems Inc. ("TRW VSSI") and Ford Motor Company ("Ford") have been asked to produce certain documents of TRW VSSI and Ford that are proprietary, confidential, contain trade secrets, and/or have been filed under seal with the National Highway Traffic Safety Administration ("confidential information"). The parties agree that any material reflecting such confidential information of TRW VSSI or Ford shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Protective Order as set forth below. This Order shall be binding on each of the parties and their counsel upon signature of their counsel below.

2. Each document containing Confidential Information provided pursuant to this Order shall be stamped with the legend, "Confidential" or "Subject to Protective Order," or

1

so noted upon another document which reasonably describes the information so designated. Such designation may be made after allowing counsel to review the materials being produced, without waiver of any protections of Confidential Information provided in this Order.

    3.    Material designated as confidential pursuant to this Order shall be used by a party receiving such material solely for purposes of this litigation and for no other purpose. Under no circumstances, other than those specifically provided for in this or a subsequent Order of the Court, shall the party receiving such material disclose it to persons other than the following:

    a. Parties in this action;

    b. Experts or consultants retained to assist in this action;

    c. Fact witnesses for deposition or trial; and

    d. Counsel of record for the parties in this action, including their paralegals and staff working on the case;

    e. The Court and court personnel.

    4.    Confidential Information may not be shown or revealed to those persons described in subparagraphs a through c above until (i) the undersigned attorneys have advised such persons that the Confidential Information is confidential and are subject to this Order, and (ii) such persons have agreed in writing to be bound by the terms of this Order in the form attached hereto as Appendix A. Counsel shall maintain a signed copy of Appendix A for each individual provided access of Confidential Information, and shall provide a copy of same to TRW VSSI and Ford or its counsel upon request. Individuals listed in subparagraphs d through e above are not required to sign Appendix A.

5. Each person given access to Confidential Information shall segregate such material, keep it secure, treat it as confidential, and take all actions necessary to preserve the confidentiality of the information.

6. To the extent necessary to fully protect the Confidential Information being provided by TRW VSSI and Ford, any copies, notes, summaries or exhibits made from, containing, or including Confidential Information shall be designated as "Confidential" by the person generating or creating same, and shall be subject to the provisions of this Order.

7. With respect to deposition testimony, the designation of "Confidential" or "Subject to Protective Order" may be made on the record at the time of the deposition, at which time the testimony shall be marked "Confidential" by the court reporter and shall be subject to the full protection of this Order. In the case of testimony not so designated, counsel may, within 30 days after receipt of the deposition transcript, notify the parties that all or part of the deposition transcript contains Confidential Information, in which case any pages specifically designated "Confidential" or "Subject to Protective Order" at such time shall be subject to the full protections of this Order. Until expiration of the aforementioned 30 day period, all deposition transcripts and the information contained therein shall be deemed Confidential Information, subject to the terms of the Order. The cover page of any deposition transcript containing testimony or exhibits which have been designated as Confidential Information shall include a prominent designation "Contains Confidential Information, Subject to Protective Order," or equivalent language.

8. In the event that counsel for any party determines to file with or submit to this Court any Confidential Material designated "produced under Protective Order" or information derived therefrom (by way of pleadings, motions, briefs or other papers containing or making reference to such material or information), such "confidential" documents shall be filed only in a sealed envelope on which a statement in the following form shall be endorsed:

> This envelope is sealed pursuant to Order of the Court and contains confidential information and documents that are subject to such Order. This envelope is not to be opened or its contents revealed except to counsel or authorized personnel of record or by subsequent Order of this Court.

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of this Court.

9. Any and all copies of Confidential Information shall be returned to counsel of record for the producing entity within 45 days after the completion of this action against all parties (unappealed final judgment or dismissal), upon request of the producing party or entity.

10. A party may, subject to the Federal Rules of Evidence and any objections of TRW VSSI and/or Ford, use Confidential Information at a trial or public hearing in this action only after TRW VSSI and/or Ford and their respective counsel are given reasonable advance written notice (no less than 21 days) prior to such use, so as to allow TRW VSSI and/or Ford and their respective counsel to move for a supplemental protective order, if

necessary.

11. In the event that a document as to which confidentiality or a privilege from production or disclosure is claimed (including, without limitation, attorney-client privilege and/or the work product doctrine) is inadvertently disclosed during document inspection and/or copying, such inadvertent disclosure shall not constitute a waiver of any confidentiality or privilege with respect to such document or any other documents, and any such documents (and all copies made thereof) will be promptly returned to the producing party upon demand. In the event that counsel is or becomes aware that they have received confidential and/or privileged documents that were inadvertently produced or disclosed, they shall promptly (within 24 hours if possible) provide notice of that fact to counsel for the producing party, and any such documents (and all copies made thereof) will be promptly returned to the producing party upon demand.

12. Any privilege which would otherwise be applicable to the Confidential Information is not waived by the production of such material, and all parties are free to object to the admissibility of such confidential material at trial on the grounds of any such privilege. Furthermore, this production will not bar the assertion of any such privilege at a later date with respect to similar or related materials.

13. Production of documents on which there are notations indicating that they were carbon copied or otherwise transmitted to in-house or outside attorneys or claim representatives does not constitute a waiver of the attorney-client privilege or work product immunity as to: (A) those or any other documents or communications; or (B) any communications with any attorneys.

14. The parties as well as any interested member of the public reserve their rights to challenge the propriety of a Confidential designation. If a party who has received discovery designated as "Confidential" claims that any such document or information should not be treated as Confidential Information nor be subject to the terms of this Order, such party shall give notice of same to counsel for the producing entity, and they shall in good faith use best efforts to resolve any disputes over the designation. Pending resolution of the parties' dispute over a confidential designation, the documents and information in question shall be deemed "Confidential" and treated as Confidential Information under the terms of this Order.

15. This Order shall continue to be effective following termination of this case. This Court shall retain jurisdiction with respect to this Order after the final judgment or dismissal of this case. Each person given access to Confidential Information shall first agree to be subject to the jurisdiction of this Court and the jurisdiction of the state and federal courts from the location of the business from which the Confidential Information was produced for purposes of enforcement or other matters related to this Order.

16. The parties acknowledge and understand that the Court retains its inherent right to modify the provisions of this Order, after notice and an opportunity to be heard is provided to the producing entity, when the Court believes the interests of justice require modification.

17. This Order may be executed by counsel in multiple counterparts.

IT IS SO ORDERED

**DATED: February 16, 2006**

                                        <u>**s/ Donald G. Wilkerson**</u>
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROSE PETRO, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 05-CV-338 |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    I, _____, being of lawful age and capacity, hereby certify that I have read the Stipulated Confidentiality and Protective Order ("Order") in the above-captioned case and I agree to abide by its terms. I agree that except for this litigation, I will not make any use of Confidential Information, nor will I provide such information to any third-parties. I consent to the personal and subject matter jurisdiction of this Court and the state and federal courts from the location of the business from which the Confidential Information was produced for purposes of enforcement or other matters related to the Order.

    In witness whereof, the undersigned has executed this acknowledgement and agreement this _____ day of _____, 200\_\_\_.

    By: _____